# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 28, 2006

Before

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERRENCE T. EVANS, *Circuit Judge*


No. 05-1210

| | |
|---|---|
| United States of America,<br>      *Plaintiff-Appellee*,<br><br>      *v.*<br><br>Edward Birk,<br>      *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 04 CR 31<br><br>Amy St. Eve,<br>*Judge*. |


## O R D E R

The slip opinion issued in the above-entitled cause on July 11, 2006, is amended as follows:

Page 1: The sentence: "On appeal, Birk argues that he was denied a fair trial and due process of law when the government's witness testified that Birk had a "very violent and extensive" criminal background and that he was denied the effective assistance of counsel when his trial attorney failed to object to this testimony."; is hereby amended to read as follows:

"On appeal, Birk argues that he was denied a fair trial and due process of law when the government's witness testified that Birk had a "very violent and extensive" criminal background.";

Page 8: Part II. Issues, which reads: "On appeal, Birk argues that he was denied a

fair trial and due process of law when the government's witness informed the jury that Birk had a "very violent and extensive" criminal background, that he was denied the effective assistance of counsel based on his trial attorney's failure to object to the testimony of the government witness that Birk had a "very violent and extensive" criminal background, and that the district court erred in imposing a two level enhancement on Birk's base offense level under U.S.S.G. § 2K2.1(b)(1)(A) upon finding that the offense and relevant conduct included Birk's involvement with four firearms."; is hereby amended to read as follows:

"On appeal, Birk argues that he was denied a fair trial and due process of law when the government's witness informed the jury that Birk had a "very violent and extensive" criminal background and that the district court erred in imposing a two level enhancement on Birk's base offense level under U.S.S.G. § 2K2.1(b)(1)(A) upon finding that the offense and relevant conduct included Birk's involvement with four firearms.";

Page 11-12: Part III.B. of the opinion entitled "Ineffective Assistance of Counsel" is redacted in its entirety; and

Page 12: Part III.C. of the opinion entitled "Sentence Enhancements" is amended to read "B. Sentence Enhancements."